SIDNEY S. JORDAN, INDIVIDUALLY, ETC., PROSECUTORS, v. THE TOWNSHIP OF TEANECK ET AL., DEFEND-ANTS.

Submitted January term, 1927—Decided March 7, 1927.

**Municipalities—Review of Ordinance Laying Out Street—No Merit in Reasons Alleged For Allowance of Writ of Certiorari —Statute of 1925 Provides For Taking of Lands or Any Interest Therein of Any Owner Thereof and Also, or an Appeal to the Circuit Court—Certiorari Not Proper Mode of Trying Title to Lands.**

On rule. On *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutors, *Whiting & Moore*.

For the defendants, *Benjamin R. Buffett* and *Wright, Vander Burgh & McCarthy*.

PER CURIAM.

A rule to show cause was issued why a writ of *certiorari* should not be allowed to review an ordinance of the township of Teaneck, in the county of Bergen, dated May 11th, 1926, providing for the opening of a fifty (50) foot public street running from West Englewood avenue northerly to State street, to be known as "Station street," and, also, to review the proceedings of the board of assessment commissioners, dated August 17th, 1926, awarding $100 as the value of the prosecutors' reversionary interest in a strip of land to be used for the public street, twenty-five (25) feet wide by two hundred and ninety-six (296) feet in length.

There is no legal merit in either of the two reasons urged for the allowance of the writ of *certiorari*. They call for no extended discussion.

The land in question had by deed, dated April 30th, 1883, been conveyed to the West Shore and Buffalo Railway Com-

pany for the use of a railroad station, and if not used for the "purposes of a railroad station, that then and in that event the lands granted shall revert to the party of the first part, his heirs and assigns." The testimony in the record further shows the land had been used by the public for more than thirty-five years and the railroad company had dedicated the street to the public.

The statute (*Pamph. L.* 1925, *p.* 233, *art.* 20, § 23) provides for the "taking of lands or real estate, or any right or interest therein of any owner thereof." The same statute, same section, provides for an appeal to the Circuit Court of the county, where such municipality is situate, by any owner or owners of such land, who is dissatisfied with the award. *Certiorari* is not the proper mode of trying the title to lands. *Jersey City* v. *Howeth,* 30 *N. J. L.* 521.

A writ of *certiorari* is refused and the rule to show cause discharged.